### CASE No. 857.

### CARRIGAN v. BOZEMAN.

1. The assignment of homestead as against a debt contracted before the adoption of the constitution of 1868, is without authority and void, and may be disregarded as a nullity whenever that fact appears in any proceeding direct or collateral. *Bull* v. *Rowe, ante p.* 355.
2. A debtor having had assigned to him a homestead which was invalid as against a certain judgment under which it was afterwards sold, the purchaser is not estopped from denying the validity as to him of the homestead assignment, because, that in his deed from the sheriff, the property is described as "the land set off to defendant as a homestead."
3. Where only questions of law are involved, the judge may direct a verdict.

---

Before WALLACE, J., Darlington, March, 1879.

The case is fully stated in the opinion of the court.

*Mr. R. K. Charles,* for appellant.

*Mr. J. J. Ward,* contra.

April 20th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. Berryman W. Edwards, administrator, recovered judgment against Jesse Bozeman, November 14th, 1868, upon a cause of action bearing date March, 1862, under which the sheriff of Darlington, in February, 1877, sold a tract of land of the defendant Bozeman. At that sale the plaintiff, W. A. Carrigan, purchased the land and received sheriff's title, which described the land as " as all that tract of land set off to defendant as a homestead, containing three hundred and forty acres, more or less." This action was brought by him as purchaser at sheriff's sale to recover the land from Bozeman, who made defence that the land had been assigned to him as a homestead in 1869, under a levy in the case of " A. Smoot and others." It appeared that the paper or warrant authorizing the assignment of homestead and appointing appraisers for that purpose, was not signed by Sheriff Cox himself, but by the clerk in his name, and that the return of the appraisers remained in the sheriff's office from the time of its execution until some time after the sale, when the sheriff was requested by defendant's attorney to return it with the execution for record in court. The judge charged the jury that the assignment of homestead was not perfected according to law; that if they believed that the signature of the sheriff had not been made by himself or his deputy, but by a clerk in his office; that it had no witness and that the paper had not been recorded, that of itself would avoid the homestead. He instructed the jury to bring in a verdict for the plaintiff, and the verdict being so returned the appeal comes to this court upon several grounds :

*First.* That the homestead was properly assigned and set off.

*Second.* That plaintiff in execution waived his right to object to the assignment of homestead by acquiescence and participation therein.

*Third.* That no questions were left to the jury, although there were questions of fact in the case.

*Fourth.* That plaintiff is estopped from asserting that no homestead was laid off to defendant.

We have, at the present term of this court, in the case of *Bull* v. *Rowe, ante p.* 355, decided that " the assignment of homestead

as against a debt contracted before the adoption of the constitution, is without authority and void, and that such assignments as to such debt may be disregarded as a nullity whenever that fact appears in any proceeding, direct or collateral." That disposes of the first and second exceptions.

The sheriff's deed to the plaintiff describes the land as "all that tract of land *set off to defendant as homestead,* containing three hundred and forty acres, more or less." This does not amount to an estoppel of the plaintiff. It is the statement of the sheriff, and cannot be properly construed to be the conclusive admission of the donee Carrigan. He had no connection with Bozeman or his claim of homestead until he purchased at sheriff's sale, and that purchase itself negatives the idea that at the same moment he admitted that he purchased nothing.

Besides, it might be true, as matter of fact, that the land had been " set off to defendant as homestead " as against other debts, and yet be no homestead as to the execution of Edwards, under which Carrigan purchased. Even if the land had been " set off to defendant as homestead," that did not necessarily involve the admission—in contradiction to the very act of purchasing, and against the law as it is now declared—that it was a legal and valid homestead, and as such a bar to his rights, secured to him by that very deed. The expression in the deed was not intended to be more than a description of the property conveyed.

Under the view which this court takes, that the assignment of homestead, as to the execution of Edwards, under which the land was sold, was utterly void, there was in the case nothing but questions of law, and we find no error in the charge of the judge instructing the jury to find for the plaintiff.

The appeal is dismissed.

WILLARD, C. J., and MCIVER, A. J., concurred.